Sherburne *v.* Jones.

SAMUEL SHERBURNE *versus* ABIJAH JONES.

Where the grantor remains after the conveyance in possession of the premises conveyed, the presumption of law is that he is there rightfully, and as the tenant of the grantee.

In the case of a tenancy at will the crops belong to the tenant.

EXCEPTIONS from the District Court, ALLEN J. presiding.

This was an action of trespass for taking and carrying away three tons of hay. Plea, general issue. The plaintiff, to maintain the issue, read in evidence a deed of release from William Sherburne to himself, dated June 2, 1830, of the lot of land on which the hay had been cut. He then produced the return of the defendant, a deputy sheriff, upon an execution, *John Huckins* v. *William Sherburne*, dated Aug. 29, 1836, by which it appeared that he had seized and sold three tons of hay, as the property of said William Sherburne, according to law. He then called Elisha Gibbs, by whom he proved that the conveyance before mentioned was made in payment of a debt due from the grantor to the grantee; that said William Sherburne had lived on the place twenty-five years; and that he had carried on the place in the same manner since the execution of the deed as before, and that the place had always been taxed to him; and that, as he supposed, the hay grew on this place.

It was admitted that the hay had not been taken away by the defendant, nor by any person acting for or under him.

Upon this evidence the counsel for the defendant moved for a nonsuit, which the Court, being of opinion, that as it was admitted that the hay had not been taken and carried away by the defendant or by any person acting for or under him, the action was not maintainable, ordered a nonsuit; to which order the plaintiff excepted.

*A. G. Jewett,* for the plaintiff. The plaintiff was the owner of the premises on which the hay had been cut, and the defendant was his servant. If the relation between them was a matter in dispute, it should have been submitted to the jury. The Court, had no right to decide what that relation was. The officer

was estopped by his return. He was liable without an actual removal of the hay. Having seized it, he became by that act, a trespasser. *Gibbs* v. *Chase,* 10 Mass. R. 125 ; *Morgan* v. *Vary,* 8 Wend. 613 ; *McCombie* v. *Davies,* 6 East, 538 ; *Wall* v. *Osborn,* 12 Wend. 39; *Wintringham* v. *Lafoy,* 7 Cow. 735 ; *Reynolds* v. *Shuler,* 5 Cow. 325.

*J. Appleton,* for the defendant, cited *Bailey* v. *Fillebrown,* 9 Greenl. 12; *Currier* v. *Earl,* 13 Maine R. 217 ; 2 Kent's Com. 113 ; *Dockham* v. *Parker,* 9 Greenl. 137 ; *Butterfield* v. *Baker,* 5 Pick. 522 ; *Boynton* v. *Willard,* 10 Pick. 166 ; *Lathrop* v. *Cook,* 14 Maine R. 415.

The opinion of the Court was by

SHEPLEY J. — To establish his title to the property, the plaintiff proved that on the tenth day of June, 1830, he purchased of William Sherburne the farm on which he resided. The witness stated that William had lived upon it twenty-five years, and so far as he knew, he had carried on the place in the same manner since the execution of the deed as before, and that it had always been taxed to him. It was hay in the barn on this farm, that was seized by the defendant, as an officer, on the twenty-ninth day of August, 1836, and sold on the second day of September following, by virtue of an execution against William. There was no direct proof that the hay was made from grass which grew on that farm, although the witness supposed that it was. The testimony does not disclose the terms on which William had continued to occupy the farm for six years after the conveyance. It is not to be presumed that he was there unlawfully. The counsel for the plaintiff contends that it was for the jury to decide in what character he resided there. And he would be correct, if there were testimony on that point for their consideration. But in the absence of all such testimony, the question before the Court was, whether the plaintiff had proved that he was the owner of the hay. And finding the testimony to be, that William continued to carry on the farm in the same manner since as before the deed, and that it had been taxed to him, the Court could not presume

that he was the hired man of the plaintiff, or that he was supported there by him. Nor would a jury have been authorized to make such an inference. The plaintiff should have proved the character of his possession to be such as would leave the products of the farm the property of the owner of it. And that the hay, which was seized, was a part of those products.

The legal presumption from the facts proved, would rather be, that William was the tenant of the plaintiff, and therefore the owner of the crops. *Bailey* v. *Fillebrown*, 9 Greenl. 12. The testimony does not prove that the plaintiff was the owner of the hay. And it is not necessary to consider the other point.

*Exceptions overruled.*